# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| NTRE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:17-CV-3338-G-BH |
| ) | |
| ANTOINITA A. MIDDLETON, ) | |
| ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this *pro se* removed case has been automatically referred for full case management. Before the Court is the removing defendant's *Application to Proceed In District Court Without Prepaying Fees or Costs (Short Form)*, filed December 8, 2017 (doc. 4). Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be **REMANDED**.

## I. BACKGROUND

On December 8, 2017, the defendant removed this forcible detainer action from the Justice of the Peace Court, Precinct 2, Place 2, in Dallas County, Texas, and moved for leave to proceed *in forma pauperis* (IFP). (*See* doc. 3 at 1;[1] doc. 4.) By *Order for Additional Financial Information* dated December 11, 2017, the defendant was notified that her motion did not provide enough information for determination of whether IFP status was appropriate. (*See* doc. 5.) She was ordered to complete and file the long form IFP application within fourteen days. *Id.* By *Notice of Deficiency and Order* also dated December 11, 2017, the defendant was advised that the notice of removal did not comply with the statutory requirements or the local rules, and that a compliant amended notice must be filed within fourteen days. (*See* doc. 6.) Both orders expressly provided that failure to comply with their

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

terms could result in the dismissal of this action. (*See* docs. 5, 6.) More than fourteen days since the date of the orders have passed, but the defendant has not filed an IFP application or a compliant amended notice of removal, or anything else in this case.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the defendant's application does not provide enough information to determine whether payment of the filing fee will result in her "suffering undue financial hardship." It does not sufficiently reflect whether she owns any assets. For example, she lists monthly expenses for gas, car and car insurance, but she does not list any vehicle as an asset. The defendant has not shown that she will suffer undue financial hardship after payment of the $400.00 filing fee, and her IFP motion should be denied.

## III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

By order dated December 11, 2017, the defendant was given fourteen days to file an IFP

application and an amended notice of removal that complied with the statutory and local requirements. She was specifically warned that failure to do so could result in dismissal of this action. Because the defendant failed to follow a court order to file an IFP application and a compliant amended notice of removal, or to otherwise show that she intends to proceed with this case, it is subject to dismissal without prejudice under Rule 41(b) for failure to prosecute or follow orders of the court.

## V. CONCLUSION

The defendant's application to proceed *in forma pauperis* should be denied, and this case should be remanded to the Justice of the Peace Court, Precinct 2, Place 2, of Dallas County, Texas.

**SO RECOMMENDED on this 29th day of December, 2017.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE